PER CURIAM.
Jean Nance, personal representative of the estate of E.S. Nance, appeals from a final summary judgment entered in a wrongful death action in favor of the defendants, several manufacturers of asbestos and asbestos products.[1] On cross-motions for summary judgment, the trial court determined that Virginia had the most significant relationship with the cause of action and that, through the application of section 95.10, Florida Statutes (1979) (Florida’s borrowing statute), the instant action was time-barred by Virginia’s two-year statute of limitations.[2] We agree.
There was no evidence establishing that Florida was the state with the most significant relationship to the cause of action. The only relationship between Florida and the cause of action was that the injury manifested itself and was discovered in this state. Accordingly, the trial court’s determination that section 95.10, Florida Statutes (1979), barred Mrs. Nance’s cause of action as untimely was correct. Celotex Corp. v. Meehan, 523 So.2d 141, 146-147 (Fla.1988).
Affirmed.

. E.S. Nance died of cancer allegedly caused by exposure to asbestos while working in the Norfolk shipyards in Virginia.

. This is Mrs. Nance’s second appeal from a summary judgment in favor of the defendants based upon the Virginia statute of limitations. The first appeal ultimately resulted in a remand by the Florida supreme court for a proper application of the "significant relationships” test to determine whether Florida’s five-year or Virginia’s two-year statute of limitations should apply. See Celotex Corp. v. Meehan, 523 So.2d 141, 147 (Fla.1988).